# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAELA TAYLOR and THOMAS TAYLOR<br><br>Plaintiffs,<br><br>v.<br><br>THE ENGLISH ROSE RESTAURANT INC.; THE ENGLISH ROSE GUEST HOUSE LLC; ABC INSURANCE COMPANIES; DOES I-X and any other joint tortfeasors,<br><br>Defendants. | Civil No.: 24-1070<br><br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLE 1536 & 1540, 31 L.P.R.A §§ 10801, 10805.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**APPEAR NOW** the Plaintiffs, MICHAELA TAYLOR and THOMAS TAYLOR through the undersigned counsel, and hereby state, allege, and request as follows:

### JURISDICTIONAL BASIS

1. This case is based upon diversity jurisdiction under 28 U.S.C. § 1332.

2. Plaintiffs are citizens of and domiciled in the state of New York.

3. All Defendants are individuals, corporations, business entities, or partnerships who are citizens of Puerto Rico or of a state other than New York.

4. The matter in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the

events and acts or omissions giving rise to this claim occurred in this district.

## THE PARTIES

6. Plaintiff **MICHAELA TAYLOR** (hereinafter "Michaela") is of legal age, a citizen and domiciled in the state of New York.

7. Plaintiff **THOMAS TAYLOR** (hereinafter "Tom") is of legal age, a citizen and domiciled in the state of New York. He is Michaela's husband.

8. Defendant **THE ENGLISH ROSE RESTAURANT INC** (hereinafter "the restaurant") is a corporation organized or operating under the laws of the Commonwealth of Puerto Rico, who owns and operates The English Rose Restaurant on which premises Plaintiff Michaela fell and suffered damages.

9. Defendant **THE ENGLISH ROSE GUEST HOUSE LLC** (hereinafter "The English Rose" or "the hotel") is a limited liability company organized or operating under the laws of the Commonwealth of Puerto Rico, who owns and operates The English Rose Guest House, located on the premises of The English Rose Restaurant where Plaintiff Michaela fell and suffered damages.

10. Defendants **ABC INSURANCE COMPANIES** are corporations organized or operating under the laws of the Commonwealth of Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein or that insure the facilities and/or are liable for the injuries and damages sustained by Plaintiff Michaela.

11. Defendants **DOES I-X** are individuals, corporations, or entities that are citizens and domiciled in Puerto Rico or a state other than New York who are unknown and are jointly and severally liable for Plaintiffs' damages.

# GENERAL ALLEGATIONS

12. Plaintiff Michaela is a 66-year-old grandmother of three who lives in Locust Valley, New York with her husband Tom.

13. The English Rose is a well-known guesthouse and restaurant in Rincon, Puerto Rico.

14. In March of 2023, Tom and Michaela were on vacation in Rincon with a group of friends and family.

15. On or around the morning of March 25, 2023, Tom and Michaela walked over to The English Rose to reserve a table at their restaurant.

16. There was a broken concrete curb stop ("parking block") in The English Rose parking lot, just in front of the restaurant's entrance.

17. The broken concrete curb had two metal rebars that protruded in a horizontal direction.

18. Michaela tripped on the broken parking block as she was walking up to The English Rose restaurant, and she fell forward and landed on her wrists and face.

19. Michaela was crying, bleeding and felt tremendous pain in her wrists and hands. A doctor who was at the restaurant came to assist her.

20. Out of concern for other patrons, Tom found a nearby orange cone and placed it above the protruding rebars to prevent any further accidents from happening.

21. Personnel from The English Rose offered Plaintiff Michaela a glass of water, which was the extent of the help they provided to either Plaintiff.

22. Plaintiffs had go to a friend´s house who lived in Rincon to get assistance calling an ambulance.

23. The paramedics arrived and aided Michaela, placing her on a stretcher and carrying her into the ambulance.

24. Michaela and Tom were taken to the Costa Salud Emergency Room in Rincon, where they remained for several hours. Michaela learned that both her wrists were fractured, and she would require surgery.

25. Michaela was then placed in another ambulance and transferred to Hospital Buen Samaritano in Aguadilla for surgery. She and Tom remained there for another few hours, all the while Michaela kept experiencing tremendous pain.

26. After much distress and deliberation, the Taylors decided they would rather fly back to New York and have Michaela's surgery there.

27. They went home that same day, March 25, 2023. Their planned 10-day vacation was cut to three days, and they had to leave their friends and family behind.

28. Michaela and Tom's friends visited the English Rose during the remainder of their vacation. They noticed that the hotel management had hastily cut off the bars and painted the parking block in question.

29. The day after the fall, the English Rose posted an Instagram story that read, "reminder: CLOSED TODAY. THE CREW is HARD AT WORK SPRING CLEANING." This caption was accompanied by a picture of hotel staff cleaning the same parking lot where Michaela fell.

30. Nonetheless, the damage had already been done to Plaintiffs.

31. Once back in New York, Michaela underwent an initial surgery on March 30, 2023, where hardware was placed in both of her wrists.

32. Michaela suffered great pain and discomfort for several months throughout the healing process with the hardware in place. She also had large, unsightly wounds on both her wrists and limited movement.

33. A second surgery to remove the hardware was performed on August 17, 2023. Once again, Michaela was forced to endure the pain and suffering of a long recovery process. She was left with two hideous scars.

34. She had to undergo many sessions of hand and wrist therapy after this second surgery. The treatments were painful and time-consuming.

35. As a result of this incident, Michaela developed chronic pain, a decreased range of motion, and stiffness in both her wrists and hands. Her gross motor skills and fine motor skills are impaired, which has caused a loss of independence in everyday activities.

36. Tom had to provide full-time care for his wife, Michaela, including bathing, feeding and cleaning her.

37. She now struggles to take care of her grandchildren, since she can no longer pick them up.

38. Everyday tasks such as getting out of the bathtub, doing laundry, grocery shopping, driving, blow-drying her hair, and cooking are difficult for her.

39. The English Rose has since replaced all their parking blocks with new ones.

**FIRST CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT THE ENGLISH ROSE RESTAURANT INC. UNDER ARTICLES 1536 & 1540, 31 L.P.R.A §§ 10801, 10805**

40. The allegations above are incorporated by reference as if again fully set forth herein.

37. Defendant **THE ENGLISH ROSE RESTAURANT INC.,** as the owner and operator of the restaurant, caused damage to Plaintiffs through fault or negligence in violation of 31 L.P.R.A. § 10801, 10805.

38. On or about March 25, 2023, **THE ENGLISH ROSE RESTAURANT INC.** owned, managed and/or operated the restaurant and its premises where the incident at issue happened.

39. On or about March 25, 2023, **THE ENGLISH ROSE RESTAURANT INC.** was responsible for operating and maintaining the restaurant and its premises, including the parking lot where Michaela suffered her fall.

40. At all times herein mentioned, it was the duty of **THE ENGLISH ROSE RESTAURANT INC.**, its agents, servants, officers, and/or employees, to provide a suitable and safe area for walking and accessing the restaurant, that did not present potential injury to the diners due to a foreseeable dangerous condition.

41. Indeed, **THE ENGLISH ROSE RESTAURANT INC.**, its agents, servants, officers, and/or employees, must have been aware of the exposed rebars on the parking block because all employees and guests must walk past them on their way to the restaurant. Additionally, the rebars demonstrated corrosion, a sign that the dangerous condition was not recent.

42. **THE ENGLISH ROSE RESTAURANT INC**., its agents, servants, officers, and/or employees acted negligently, carelessly, and recklessly by failing to properly ensure that the parking lot, including all of its components, such as its parking blocks were in a safe and suitable condition for the customers walking therein.

43. **THE ENGLISH ROSE RESTAURANT INC**., its agents, servants, officers, and/or employees acted negligently, carelessly, and recklessly by allowing the broken parking block in question go without appropriate signage to warn invitees or take measures to otherwise remedy the dangerous condition.

44. **THE ENGLISH ROSE RESTAURANT INC.**, its agents, servants, officers, and/or employees knew or should have known that the broken parking block on the way to the restaurant entrance was dangerous and could have resulted in unsuspecting individuals

slipping, misstepping, tripping and/or falling, such as Plaintiff Michaela.

45. **THE ENGLISH ROSE RESTAURANT INC.**, its agents, servants, officers, and/or employees knew or should have known that injuries could occur to individuals who slipped and/or fell due to the rebars protruding from the parking block in front of the restaurant entrance.

46. As a direct result of the negligent acts or omissions agents, servants, officers, and/or employees of the **THE ENGLISH ROSE RESTAURANT INC.**, Michaela suffered fractures on both wrists.

47. As a direct result of **THE ENGLISH ROSE RESTAURANT INC.'s** agents, servants, officers, and/or employees' negligent acts or omissions, Plaintiffs' family trip to Puerto Rico was ruined.

48. As a direct result of **THE ENGLISH ROSE RESTAURANT INC.'s** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela had to visit the emergency room in Puerto Rico and receive further medical treatment in New York, causing her mental and emotional strain.

49. As a direct result of **THE ENGLISH ROSE RESTAURANT INC.'s** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela has been unable to run her household and has difficulty with basic daily tasks such as cleaning and cooking.

50. As a direct result of **THE ENGLISH ROSE RESTAURANT INC.'s** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela has had to undergo two surgeries, therapy and months of recovery and is barred from nurturing her grandchildren as she used to before the accident.

51. As a direct result of **THE ENGLISH ROSE RESTAURANT INC.'s** agents, servants,

officers, and/or employees' negligent acts or omissions, Michaela continues experiencing pain and suffering as described above.

**SECOND CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT THE ENGLISH ROSE GUEST HOUSE LLC UNDER ARTICLES 1536 & 1540, 31 L.P.R.A §§ 10801, 10805**

52. The allegations above are incorporated by reference as if again fully set forth herein.

53. At all times herein pertinent, co-defendant **THE ENGLISH ROSE GUEST HOUSE LLC**, was the owner of the hotel and its premises located at The English Rose where the incident happened.

54. Defendant **THE ENGLISH ROSE GUEST HOUSE LLC**, as owner and operator of the English Rose Guest House, caused damages to Plaintiff through fault or negligence in violation of 31 L.P.R.A. § 10801, 10805.

55. On or about March 25, 2023, **THE ENGLISH ROSE GUEST HOUSE LLC** was responsible for operating and maintaining the hotel and its premises, including its parking lot where Michaela suffered her fall.

56. At all times mentioned herein, it was the duty of **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees to provide a suitable and safe entrance area that did not present potential injury to patrons due to foreseeable and easily preventable dangerous conditions.

57. Furthermore, on or about March 25, 2023, **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees, failed to provide a suitable and safe entrance area that did not present potential injury to patrons or foreseeable dangerous conditions.

58. Indeed, **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees, must have been aware of the exposed bars on the parking block because all employees and guests must walk past them on their way to the hotel. The rebars demonstrated corrosion, a sign that the dangerous condition was not recent.

59. **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees acted negligently, carelessly, and recklessly by failing to properly ensure that the parking lot and all of its components, including its parking blocks, were in a safe and a suitable condition for the visitors walking through the parking lot.

60. **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees acted negligently, carelessly, and recklessly by not providing the appropriate markers and/or signage to warn invitees or take measures to otherwise remedy the dangerous condition of the broken parking block.

61. **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees knew or should have known that the broken parking block was dangerous and could result in unsuspecting individuals slipping, misstepping, tripping and/or falling such as Plaintiff.

62. **THE ENGLISH ROSE GUEST HOUSE LLC**, its agents, servants, officers, and/or employees knew or should have known that injuries could occur to individuals who tripped and/or fell due to rebars that were sticking out of the broken parking block at the hotel's entrance.

63. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** negligent acts or omissions, Michaela suffered fractures on both of her wrists.

64. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** agents, servants,

officers, and/or employees' negligent acts or omissions, Plaintiffs' family trip to Puerto Rico was ruined.

65. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela had to visit the emergency room in Puerto Rico and receive further medical treatment in New York, causing her mental and emotional strain.

66. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela has been unable to run her household and has trouble with basic daily tasks such as cleaning and cooking.

67. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela has had to undergo two surgeries, therapy and months of recovery and is barred from nurturing her grandchildren as she used to before the accident.

68. As a direct result of **THE ENGLISH ROSE GUEST HOUSE LLC's** agents, servants, officers, and/or employees' negligent acts or omissions, Michaela continues experiencing pain and suffering as described above.

## THIRD CAUSE OF ACTION – NEGLIGENCE OF DOES I-X
## UNDER 31 LPRA §5141 AND 5142

69. The factual allegations detailed above are restated herein in full.

70. Defendants **DOES I-X** caused damages to Plaintiffs through fault or negligence in violation of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

71. Defendants **DOES I-X,** either personally or through their agents, servants, officers,

and/or employees, failed to provide a suitable and safe area for walking and accessing the restaurant that did not present potential injury to the guests due to a foreseeable dangerous conditions.

72. Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, acted negligently, carelessly, and recklessly by failing to properly ensure that the maintenance of the area that led to the restaurant complied with safey measures to render it in a suitable condition for their invitees.

73. Defendants **DOES I-X**, their agents, servants, officers, and/or employees acted negligently, carelessly, and recklessly by not providing the appropriate signage to warn guests or take measures of the broken parking block or otherwise remedy the condition.

74. Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, knew or should have known that the area in question was dangerous and could result in unsuspecting individuals slipping and/or falling.

75. Defendants **DOES I-X,** either personally or through their agents, servants, officers, and/or employees, knew or should have known that injuries could occur to individuals who slipped and/or fell upon walking in the area in question, which leads to the hotel and restaurant.

76. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela experienced a foreseeable fall and suffered serious physical injuries as well as mental and emotional pain and suffering and economic damages.

77. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela has

suffered fractures on both of her wrists.

78. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela was unable to run her household and could not perform basic daily tasks such as cleaning and cooking.

79. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela has had to undergo two surgeries and therapy and is barred from engaging in her daily activities.

80. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Mrs. and Mr. Taylor's family trip to Puerto Rico was ruined.

81. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela was subjected to multiple medical interventions.

82. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Michaela required aggressive physical therapy.

83. As a direct result of the negligent acts and/or omissions of Defendants **DOES I-X**, either personally or through their agents, servants, officers, and/or employees, Plaintiff Michaela experienced injuries that have failed to heal completely as well as consequent pain, limited mobility, and sleepless nights due to significant discomfort on her wrists and hands.

84. Therefore, Defendants **DOES I-X** are jointly and severally liable for the damages caused to Plaintiffs.

## FOURTH CAUSE OF ACTION – NEGLIGENCE OF A, B, and C INSURANCE COMPANIES

85. The factual allegations detailed above are restated herein in full.

86. The insurance companies of any named or unnamed defendants, the A, B, and C Insurance Companies, are directly liable for the fault or negligence of their insured/s pursuant to 26 L.P.R.A. § 2001.

87. Pursuant to 26 L.P.R.A. § 2003, an action against an insurer may be brought separately or may be joined with an action against the insured.

## DAMAGES

88. The allegations contained above are incorporated by reference as if again fully set forth herein.

89. As a result of the negligent acts or omissions of Co-Defendants, Plaintiffs have suffered physical, emotional, mental, and economic damages.

A. **Michaela Taylor**

90. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Michaela has suffered substantial physical, emotional, and mental damages.

91. As a direct result of Defendants' negligent acts or omissions, Michaela suffered damages on her face, hands, and both of her wrists.

92. As a direct result of Defendants' negligent acts or omissions, Michaela fractured her wrists and lacerated her nose.

13

93. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Michaela had to undergo surgery and intensive and painful treatments for physical rehabilitation.

94. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Michaela continues with severe pain and restricted range of motion.

95. As of today, Michaela still struggles with everyday tasks and continues experiencing pain in her wrists when performing daily chores and activities.

96. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Michaela suffered emotional and mental damages that include but are not limited to great anxiety.

97. As of today, Michaela is still unable to lift and hold her grandchildren and grandbaby, an opportunity which she will never recover once they have grown.

98. As of today, Michaela is still unable to fend for herself way she used to.

99. As a direct result of Defendants' negligent acts or omissions, Michaela has experienced the pain and suffering associated at the time of the injury, rehabilitation, and throughout her recovery.

100. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Michaela and Tom have suffered economic damages consisting in out-of-pocket expenses amounting to no less than **FIVE THOUSAND DOLLARS ($5,000.00).**

101. Michaela´s past and future physical and emotional damages and emotional damages pain and suffering have a reasonable value of no less than **TWO MILLION DOLLARS ($2,000,000.00).**

## B. Thomas Taylor

102. Tom, due to the physical and emotional damages caused by the defendants to his dear wife Michaela, has suffered the loss of consortium as he had to endure his wife going through two painful surgeries to fix her broken wrists and nurse her back into health to regain his and her quality of life.

103. Tom had the responsibility of providing full-time care to his wife, Michaela, during her recovery period following surgery. This included attending to her needs, such as bathing, feeding, and cleaning her. The level of care required was demanding, and Tom had to devote his entire attention to ensuring that his wife was comfortable and well taken care of.

104. Tom now lives with the pain of watching his wife struggle with everyday tasks. Additionally, he must undertake greater responsibilities in their household maintenance so as not to strain Michaela´s wrists. He also feels great sadness that she cannot bond with her grandchildren as she'd like to.

105. Tom also accompanied Michaela throughout her entire medical care in New York. He helped her through medical appointments, surgery preparation, and hospital visits.

106. For Tom, this Puerto Rico trip was the chance to have an island getaway with his beloved Michaela and their friends and family. However, this incident impeded him from getting to spend virtually any time enjoying Puerto Rico, and he instead found himself in the emergency room with his injured wife.

107. Tom had to watch his wife go through extreme pain and discomfort, all the while aiding her through Puerto Rican healthcare services with a language barrier.

108. He was forced to cut his trip short and book a rushed flight back to their home state of New York so his dear Michaela could get the care she needed. Tom incurred other unnecessary expenses because of Michaela´s fall and visit to the hospital. The money that was supposed to be used for the vacation was, in turn, spent on ambulance transportation, medication, medical care, and emergency travel, among other things.

109. As a result of the negligent acts, omissions, and/or misrepresentations of Defendants, Tom and Michaela have suffered economic damages consisting in out-of-pocket expenses amounting to no less than FIVE THOUSAND DOLLARS ($5,000.00).

110. As a direct result of Defendants' negligent acts or omissions, Tom has endured damages, emotional pain, and suffering, related to his wife's medical condition and treatment which has a reasonable value of no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000).

## TRIAL BY JURY DEMANDED

111. Plaintiffs hereby demands trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of no less than **TWO MILLION AND FIVE HUNDRED THOUSAND DOLLARS ($2,505,000),** plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15 day of February 2024.

*Plaintiffs' Counsel:*

**INDIANO & WILLIAMS, P.S.C.**
Attorneys for Plaintiffs
207 del Parque Street, Third Floor
San Juan, Puerto Rico 00912

Tel: (787) 641-4545; Fax: (787) 641-4544
jeffrey.williams@indianowilliams.com
vanesa.vicens@indianowilliams.com
luisa.vazquez@indianowilliams.com


*s/ Jeffrey M. Williams*
**JEFFREY M. WILLIAMS**
USDC PR Bar No. 202414

*s/ Vanesa Vicéns-Sánchez*
**VANESA VICÉNS-SÁNCHEZ**
USDC Bar No. 217807

*s/Luisa M. Vázquez-Cuz*
**LUISA M. VÁZQUEZ-CRUZ**
USDC PR Bar No. 230805